# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| ANTONARI WILLIAM ALEXANDER, ) <br>     Plaintiff,                                 ) <br>                                                    ) <br> v.                                                       ) <br>                                                    ) <br> BOYD PARKS, *et al.*,                 ) <br>     Defendants.                     ) | Civil Action No. 7:17cv00524 <br><br> **MEMORANDUM OPINION** <br><br> By: Norman K. Moon <br> United States District Judge |

Antonari Alexander, a Virginia inmate proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983.[1] The matter before the Court is Defendant Nurse Stump's motion for summary judgment.[2] I will grant the motion for the reasons that follow.

## I.      Background

On April 15, 2017, Alexander assaulted a corrections officer at Red Onion State Prison. Officers eventually forced Alexander to the floor, restrained him, and escorted him from A-Building to a segregation cell in B-Building. When Stump arrived to evaluate Alexander, Alexander told her that he had been slammed twice and that he was bleeding everywhere. Exh. B, at 9:30-10:00. He alleges the same in his current complaint, and he contends that his restraints were painfully tight. *See* Compl. 5. When Stump assessed him, she observed that he only had abrasions on his left knee, left shoulder, and left eyebrow, and a red place on top of his head. Exh. B, at 9:30-10:00. She did not observe any active bleeding and suggested that the injuries resembled rug burn. *Id.* Stump also checked Alexander's ambulatory restraints and was able to place two fingers under both the wrist and ankle restraints. *Id.*; Stump Aff. ¶6, Dkt. No. 44-1.

---

[1] This opinion omits internal citations, alterations, and quotation marks throughout this opinion, unless otherwise noted. *See United States v. Marshall*, 872 F.3d 213, 217 n.6 (4th Cir. 2017).

[2] Alexander incorrectly identified Nurse Stump as "Stomp" in his complaint.

Stump was present when officers removed Alexander from the restraints the following morning, on April 16, 2017. Stump asked Alexander if he required medical attention. Alexander responded affirmatively, complaining about his right hand. Exh. D, at 1:45-1:55. Stump observed that the hand appeared swollen and advised Alexander to keep the hand elevated as much as possible until he could be seen by a doctor. Exh. D., at 4:45. Stump inquired if Alexander had any other issues, and Alexander responded that he did not. *Id.* Stump prescribed Tylenol and placed Alexander on the schedule to be seen by the institutional physician. *Id.* at 6:05; Health Services Complaint & Treatment Form, Dkt. No. 44-1.

Alexander did not complain on April 16, 2017 about any injuries related to being sprayed with oleoresin capsicum ("OC") spray, his restraints being too tight, the skin being ripped from his legs, face, torso, or arms, swelling of his eye socket, a knot on his head, his testicles, or his fingers. An x-ray of Alexander's right hand on June 2, 2017 came back normal and showed no evidence of acute fracture, dislocation, or osseous lesion. Exh. A, Attach. 3, Dkt. No. 44-1.

Alexander alleges that Stump violated his constitutional rights by being deliberately indifferent to his serious medical needs. Furthermore, he asserts that much of Stump's statements are lies, that officers intimidated Stump into saying that she treated Alexander, and that the videos have been altered. He requests a declaration that Stump's actions violated his rights, court costs, an apology, and monetary damages.

## II. Standards of Review

### A. Summary Judgment

Federal Rule of Civil Procedure 56(a) provides that a court should grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." "As to materiality, . . . [o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the

entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The dispute over a material fact must be genuine, "such that a reasonable jury could return a verdict for the nonmoving party." *Id.*; *see also JKC Holding Co. v. Wash. Sports Ventures, Inc.*, 264 F.3d 459, 465 (4th Cir. 2001). As such, the moving party is entitled to summary judgment if the evidence supporting a genuine issue of material fact "is merely colorable or is not significantly probative." *Anderson*, 477 U.S. at 250.

The moving party bears the burden of proving that judgment on the pleadings is appropriate. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). If the moving party meets this burden, then the nonmoving party must set forth specific, admissible facts to demonstrate a genuine issue of fact for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In considering a motion for summary judgment, the court must view the record as a whole and draw all reasonable inferences in the light most favorable to the nonmoving party. *Celotex*, 477 U.S. at 322-324; *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994). However, the nonmoving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. *Baber v. Hosp. Corp. of Am.*, 977 F.2d 872, 874-75 (4th Cir. 1992). The evidence set forth must meet the "substantive evidentiary standard of proof that would apply at a trial on the merits." *Mitchell v. Data Gen. Corp.*, 12 F.3d 1310, 1315-16 (4th Cir. 1993).

### B. *Pro Se* Pleadings

Alexander is proceeding *pro se* and, thus, entitled to a liberal construction of his pleadings. *See, e.g.*, *Erickson v. Pardus*, 551 U.S. 89, 90-95 (2007). However, "principles requiring generous construction of *pro se* complaints are not . . . without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The Fourth Circuit has explained that "though *pro se* litigants cannot, of course, be expected to frame legal issues with the clarity and

precision ideally evident in the work of those trained in law, neither can district courts be required to conjure up and decide issues never fairly presented to them." *Id.* at 1276; *see Kalderon v. Finkelstein*, Case No. 08 Civ 9440, 2010 WL 3359473, at *1 n.1 (S.D.N.Y. Aug. 24, 2010) ("Plaintiff's complaint belongs to the everything-but-the-kitchen sink school of thought." "The complaint is extremely difficult to follow because of its extreme length and purported factual detail. The factual allegations are often repetitive, inconsistent, and contradicted by documents referenced in the complaint.").

### C. Section 1983

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Notably, a plaintiff must sufficiently allege a defendant's personal act or omission leading to a deprivation of a federal right. *See Fisher v. Washington Metro. Area Transit Author.*, 690 F.2d 1133, 1142-43 (4th Cir. 1982), *abrogated on other grounds by Cty. of Riverside v. McLaughlin*, 500 U.S. 44 (1991). Negligent deprivations are not actionable under § 1983. *See, e.g., Daniels v. Williams*, 474 U.S. 327, 330 (1986); *Pink v. Lester*, 52 F.3d 73, 77 (4th Cir. 1995).

### D. Eighth Amendment

"The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones." *Makdessi v. Fields*, 789 F.3d 126, 132 (4th Cir. 2015). A prison official will not be held liable for deliberate indifference to a prisoner's medical needs unless two requirements are met. First, the plaintiff must satisfy the objective component: (1) that he suffered "a serious or significant physical or emotional injury," or (2) "a substantial risk of such serious harm." *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003). "An inmate alleging a deliberate indifference claim must establish that his medical condition was objectively serious—

4

that is, 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Drakeford v. Mullins*, 678 F. App'x 185, 186 (4th Cir. 2017) (per curiam) (quoting *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008)).

Second, the subjective prong requires proof that "the officials acted with a sufficiently culpable state of mind." *De'Lonta*, 330 F.3d at 634. The defendant must know "both the inmate's serious medical condition and the excessive risk posed by the official's action or inaction." *Scinto v. Stansberry*, 841 F.3d 219, 226 (4th Cir. 2016); *see also Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999) ("Deliberate indifference is a very high standard."); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994) ("The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.").[3]

Lastly, "questions of medical judgment are not subject to judicial review." *Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir. 1975); *see also Calvert v. Sharp*, 748 F.2d 861, 862 n.2 (4th Cir. 1984) *abrogated on other grounds by West*, 487 U.S. at 42 (An inmate's "complaints about the quality of the medical treatment [] do not amount to deliberate indifference to serious medical needs, [which is] the constitutional test."); *Harris v. Murray*, 761 F. Supp. 409, 414 (E.D. Va. 1990) ("Disagreements between an inmate and a physician over treatment do not state a claim under § 1983.").

---

[3] The alleged deprivation must be extreme; "mere negligence" is not enough. *Scinto*, 841 F.3d at 225; *see also Miltier v. Beorn*, 896 F.2d 848, 851-52 (4th Cir. 1990) *overruled in part on other grounds by Farmer v. Brennan*, 511 U.S. 825, 837 (1994) ("The treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness. Deliberate indifference may be demonstrated by either actual intent or reckless disregard. . . . Nevertheless, mere negligence or malpractice does not violate the eighth amendment.").

## III. Discussion

### A. Evidence Tampering and Intimidation

Alexander alleges that the videotapes were altered and that officers intimidated Stump into lying. First, Alexander never proffers any facts establishing that the evidence was doctored; therefore, the tampering allegations are conclusory. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (requiring factual support for allegations). Second, Alexander alleges that Stump lied in her affidavit and on camera because when Stump asked if Alexander needed medical attention, all the officers said in unison: "Fuck him, he can do [without] it!" Resp. to the Mot. to Dismiss 10. He states that when Stump left him, she was scared, sad, and had her head down. *Id.* However, the videos establish that officers never made that statement, and Stump did not appear intimidated. Instead, the officers had entirely respectful interactions with Stump on both April 15 and April 16. *See, e.g.*, Exh. D, 6:08 (officer stating, "Thank you, nurse," after Stump finished her medical evaluation recap). Therefore, I conclude that his tampering and intimidation claims are not entitled to be taken as true, and I will credit the video evidence and Stump's affidavit. *See Iqbal*, 556 U.S. at 678; *Witt v. W. Va. State Police, Troop 2*, 633 F.3d 272, 276-77 (4th Cir. 2011) ("When documentary evidence blatantly contradicts a plaintiff's account so that no reasonable jury could believe it, a court should not credit the plaintiff's version on summary judgment.").

### B. Deliberate Indifference

Alexander asserts: "Stump showed deliberate indifference when she maliciously, sadistically, intentionally, and wantonly refused to treat, aide, and provide adequate quality of care." Compl. 8. He alleges that she failed to report his injuries and that the injuries were inflicted by the defendants. *Id.* In his response, however, he admits that he was not bleeding when Stump attended him on April 15, 2017. *Id.*

6

First, Stump avers that Alexander's injuries were not objectively serious. I agree. Alexander alleges that he suffered ripped skin on his legs, face, torso, and arms, a swollen eye socket, a swollen and broken right hand, a large red knot on the top of his head, dislocated fingers, and injury to his testicles. He further asserts that an officer spit on him and sprayed him with OC spray. However, Alexander's medical chart, the defendants' affidavits, and the video footage belie his allegations of serious injury.

The evidence establishes that Stump evaluated Alexander on April 15 and noted abrasions above his left eye, on his left shoulder, and above his left knee, a red place on the top of his head, and no active bleeding. Exh. B, at 19:50-20:20. She stated that his injuries resembled "rug burns." *Id.* at 20:17. She also confirmed that she checked his ambulatory restraints and found that she could place two fingers underneath the wrist and ankle restraints. *Id.* at 20:25-20:31. When Stump assessed Alexander again on the morning of April 16, he only complained about his hand. Exh. D, at 1:58. Stump instructed Alexander to elevate the hand. *Id.* at 4:42. Stump then specifically asked Alexander: "Is that it?" *Id.* at 5:29. Alexander responded: "Yes, ma'am." *Id.* at 5:30. A later x-ray showed no evidence of fracture or dislocation.

In a similar case, a plaintiff complained that that he suffered "a large knot on his head and many bruises on his head, neck, back, and sides." R. & R., *Adams v. Compton*, No. 7:04cv00258, 2005 WL 2006975, at *2 (W.D. Va. Aug. 17, 2005) (Urbanski, Mag. J.), *adopted by* 2005 WL 2206101 (W.D. Va. Sept. 12, 2005). The defendants in that case moved for summary judgment and attached a medical worker's affidavit and an injury assessment form. Then Magistrate Judge Urbanski suggested that "various bruises, abrasions, and a knot on his head" did not satisfy the sufficiently serious prong. *Id.* The district judge agreed and adopted the recommendation. *Adams*, 2005 WL 2206101, at *4-6.

7

Alexander asserts nearly identical claims. Stump's evidence establishes that Alexander suffered minor abrasions, a red spot on his head, and a swollen hand that was neither broken nor dislocated. I conclude that these injuries, as a matter of law, are not sufficiently serious to satisfy the objective prong of deliberate indifference. Furthermore, video evidence confirms that, on April 16, 2017, Alexander told Stump that his only medical issue was his swollen right hand. Stump cannot be held liable for injuries that Alexander asserted later. *Lowery v. Bennett*, 492 F. App'x 405, 411 (4th Cir. 2012) (holding that a plaintiff "must show that medical need was serious *when he was examined* by the defendant, not that they were serious . . . later").

Second, the defendant argues that she did not act with a sufficiently culpable state of mind. I agree. The evidence establishes that Stump evaluated Alexander on both April 15 and April 16, 2017. During those evaluations, Stump asked Alexander what was wrong, Alexander responded, and Stump took note of his complaints and physical state. On April 16, 2017, Stump provided Tylenol for Alexander's right hand, suggested that he keep the hand elevated, and placed him on the schedule to see the physician. Stump's medical judgment is not subject to judicial review and Alexander's disagreement with the treatment does not amount to deliberate indifference. *Russell*, 528 F.2d at 319 ("questions of medical judgment are not subject to judicial review). Furthermore, even if Stump's actions were negligent, negligence cannot satisfy the high deliberate indifference standard. *See Estelle v. Gamble*, 429 U.S. 97, 110 (1976). Therefore, Alexander fails to show that Stump knowingly ignored a significant medical condition.

Therefore, drawing all reasonable inferences in favor of the plaintiff, I conclude that Alexander fails to establish a genuine dispute of material fact regarding Stump's alleged deliberate indifference. I will grant her motion for summary judgment.

## IV. Conclusion

Defendant's motion for summary judgment will be granted in accordance with the accompanying order. The Clerk is directed to send a copy of this memorandum opinion to the parties.

**ENTER:** This __28th__ day of January, 2019.

_____
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE