# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| ANTONARI WILLIAM ALEXANDER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:17CV00524 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| BOYD PARKS, ET AL., | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendants. | ) | |

*Antonari William Alexander, Pro Se Plaintiff; Laura Maughan, Assistant Attorney General of Virginia, Richmond, Virginia, for Defendants.*

The plaintiff, a state prison inmate, has filed a document in this case that the court docketed as a "Motion for regular cell exchange," ECF No. 102. This case is pending on Alexander's Complaint alleging the use of excessive force by correctional officers and is set for jury trial. After review of the present motion and the record, I conclude that it must be denied.

In his motion, dated December 5, 2019, Alexander stated that in retaliation, he was housed in a "suicide [c]ell" without a shelf, table, or top bunk on which to place legal materials and other property items. *Id*. He alleged that he did not have space to write legal documents, and he asked the court to order his transfer to a normal cell, like "C-217 or C-207." *Id*. Because Alexander's case is scheduled for

a trial in February of this year, the court directed the defendants to respond to Alexander's concerns, and they have done so.

The defendants submit an affidavit by Larry Collins, the Unit Manager of C Building at Red Onion State Prison, a special housing unit for protective custody and restrictive housing assignments. On Saturday, November 3, 2019, Alexander was assigned to cell C-217. Officers observed him trying to take contraband to outside recreation and tried to escort him back to his cell. They reported that he became disruptive and refused to comply with orders, so they took him to the floor. Medical staff assessed him and reported no injuries. Alexander received three institutional disciplinary charges stemming from the incident.

Because of Alexander's conduct on November 3, 2019, he was moved to cell C-301, which has been modified for security reasons to more safely control disruptive inmates. This cell has a bunk, a sink, and a toilet, but the desk and shelf have been removed, the windows are reinforced, the toilet can only be flushed from outside the cell, and the light covering is reinforced to prevent an inmate from breaking it.

On Monday, November 5, 2019, Collins reviewed reports about the Saturday incident and Alexander's subsequent behavior. After speaking with Alexander, Collins "was satisfied that his disruptive behavior had ceased." Collins Aff. ¶ 6, ECF No. 105-1. Alexander was housed in cell C-301 from approximately 7:11 a.m.

on November 3, 2019, until approximately 10:05 a.m. on November 5, 2019, when he was moved to cell C-305. This cell is a fully functional standard cell, equipped with a desk, a shelf, and one bunk.

On December 10, 2019, Alexander was moved to cell C-207, which was originally built as a general population cell and is equipped with two bunks. As of January 3, 2020, the date of Collins' affidavit, Alexander remained assigned to cell C-207.

From these facts, I conclude that Alexander's motion must be denied as moot. Liberally construed, his motion requests preliminary injunctive relief, directing prison officials to move him to cell C-207 or C-217, where he would have space to store and work on his legal pleadings. Collins has already assigned Alexander to cell C-207, as he requested. This change in circumstances makes it impossible for me to grant "any effectual relief" to Alexander. *Williams v. Ozmint*, 716 F.3d 801, 809 (4th Cir. 2013) (citations omitted). Therefore, his claim for preliminary injunctive relief is moot. *Id*.[1]

---

[1] I decline to construe Alexander's motion as one seeking leave to amend to add new claims to the case close to the trial date. Moreover, Alexander's allegations in this motion do not support any claims for damages. His 48-hour stay in the modified cell C-301 in early November 2019, after he received three disciplinary charges, does not give rise to viable claims of retaliation or past interference with his access to courts. *See Adams v. Rice*, 40 F.3d 72, 74-75 (4th Cir. 1994) (finding § 1983 retaliation claim was properly dismissed where plaintiff provided only conclusory assertion of retaliation with no facts to show why defendant retaliated against him); *Lewis v. Casey*, 518 U.S. 343, 351-52 (1996) (holding that denial of access to courts claim requires particularized showing of actual

For the reasons stated, it is **ORDERED** that Alexander's motion, ECF No. 102, is DENIED as moot.

ENTER: January 15, 2020

/s/  James P. Jones
United States District Judge

---

injury to litigation, such as missing a court-imposed deadline, because of defendant's actions).